UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANGELINA GURZENDA, | |
|---|---|
| Plaintiff, | Case No. 18-cv-0488-JCS |
| v. | **ORDER REGARDING MOTIONS FOR ATTORNEY'S FEES** |
| ANDREW SAUL, | Re: Dkt. Nos. 39 |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Angelina Gurzenda brought this action seeking review of the final decision of Defendant Andrew M. Saul, Commissioner of the Social Security Administration (the "Commissioner") denying her application for supplemental security income under Title XVI of the Social Security Act.  In a September 25, 2019 order, the Court reversed the decision of the Commissioner and remanded for further proceedings.  The Social Security Administration later awarded Gurzenda past due benefits.  Gurzenda's counsel, Josephine Gerrard, now moves for an award of attorney's fees under 42 U.S.C. § 406(b) and the fee agreement between her and Gurzenda.  For the reasons stated below, the Court GRANTS the motion.[1]

## II.   BACKGROUND

On January 16, 2018, Gurzenda entered into a contingency-based fee agreement (the "Fee Agreement") with Gerrard, appointing Gerrard as her counsel for her appeal from the prior administrative denial of her claims.  Fees Mot. (dkt. 39) Ex. B.  The Fee Agreement grants Gerrard "the right . . . to ask the court to award as much as 25% of [Gurzenda's] past-due benefits," and

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

provides that "[i]f the court awards an attorney fee out of any past-due benefits and also awards an [Equal Access to Justice Act ('EAJA')] fee for that same work, [Gurzenda] will be refunded or credit with the amount of the smaller fee." *Id.* On September 25, 2019, the Court granted Gurzenda's motion for summary judgment, reversing the administrative law judge's prior denial of benefits and remanding the matter for further administrative proceedings. *See* S.J. Order (dkt. 34).[2] The Court awarded Gurzenda $6,750 in attorney's fees under the EAJA, 28 U.S.C. § 2412(d), based on the stipulation of the parties. Dkts. 36, 38. On February 4, 2020, the Social Security Administration issued an award letter granting Gurzenda $39,365 in past due benefits. Fees Mot. Ex. A.

Gerrard now requests that the Court award attorney's fees of $3,091 pursuant to 42 U.S.C. § 406(b)(1). Fees Mot. at 1, 4. Gerrard contends that this fee is reasonable because it equals the difference between the maximum § 406(b)(1) fee of $9,841 (twenty-five percent of Gurzenda's back-benefits award, apparently rounding off the additional twenty-five cents that result from a precise calculation) and the EAJA award of $6,750. *Id.* at 4. Under Gerrard's proposed award, Gurzenda's remaining past due benefits would equal $36,274, which is the difference between the $39,365 full award and $3,091 in requested attorney's fees.

In a response to the motion—offered in the Commissioner's role "'resembling that of a trustee,'" without taking a position on the reasonableness of Gerrard's request—the Commissioner argues that Gerrard's request is "terribly confusing," as compared to the more typical practice in which an attorney seeks the full amount authorized under the applicable fee agreement and § 406(b)(1) and the Court orders the return of any EAJA fees to the plaintiff. Comm'r's Response (dkt. 40) at 3–4 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002)). Specifically, the Commissioner argues that under Gerrard's proposed award, Gurzenda would not receive the $6,750 EAJA award. *Id.* at 4. As such, the Commissioner asserts that the Court should award Gerrard a gross fee of $9,841.25, comprising 25% of Gurzenda's award of past-due benefits, and order Gerard to return the $6,750 EAJA award to Gurzenda. *Id.* at 4–5. After refunding Gurzenda the $6,750 EAJA award, the net fee payable to Gerrard would be $3,091.25, with Gurzenda

---

[2] *Gurzenda v. Saul*, No. 18-cv-00488-JCS, 2019 WL 4674377 (N.D. Cal. Sept. 25, 2019).

retaining $36,273.75. *Id.*

## III. ANALYSIS

### A. Legal Standard for Social Security Attorney's Fees

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b). Courts must "review for reasonableness" fees sought under this statute, and may reduce an award of fees below the statutory ceiling based on factors including "the character of the representation," "the results the representative achieved," an attorney's responsibility for delay (which must be addressed "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court"), and whether the "benefits are large in comparison to the amount of time counsel spent on the case" (which "may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases"). *Gisbrecht*, 535 U.S. at 808–09; *see also Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."). In conducting that inquiry, courts must "respect the 'primacy of lawful attorney-client fee agreements.'" *Crawford*, 586 F.3d at 1150 (quoting *Gisbrecht*, 535 U.S. at 1150).

In addition to the fees permitted under § 406(b), the EAJA, enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). The burden of proving the substantial justification exception to the mandatory award of fees under the EAJA lies with the government. *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). In contrast to fees awarded under § 406(b), EAJA fees are based on the "time

3

expended" and the attorney's billing rate. 28 U.S.C. § 2412(d)(1)(B).  The EAJA authorizes an award of only "reasonable" attorneys' fees, and caps the rate at which fees can be awarded at $125 per hour, except that a court may authorize a higher rate based on special circumstances or an increase in the cost of living.  28 U.S.C. § 2412(d)(2)(A).  The Ninth Circuit has authorized a cost of living adjustment based on the "CPI-U" consumer price index.  *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005).

"Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"  *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186 (1985)) (alteration in original).  Accordingly, "an EAJA award offsets an award under Section 406(b)," increasing "the amount of the total past-due benefits the claimant actually receives . . . up to the point the claimant receives 100 percent of the past-due benefits."  *Id.* (citation, brackets, and internal quotation marks omitted).

### B. Authorized Attorney's Fees Under 42 U.S.C. § 406(b)

Here, Gerrard seeks an award of $3,091.25 in attorney's fees, which amounts to twenty-five percent of Gurzenda's total award of past due benefits less the EAJA award of $6,750.  *See* Fees Mot. at 4.  In response, the Commissioner asserts that it is "unclear whether [Gerrard] was aware" that she owed Gurzenda the EAJA award and that her calculation was "confusing."  Comm'r's Response at 3, 5.  Based on Gerrard's proposed calculation, however, it is clear that she was aware of the requirement, as her calculation directly took the required refund into account.

The competing proposals offered by Gerrard and the Commissioner result in the same outcome.[3]  The Commissioner proposes that Gerrard should have requested the full §406(b) fee of $9,841, leaving Gurzenda with $29,524.  Next, the Commissioner's calculation necessitates that Gerrard returns to Gurzenda the $6,750 EAJA award that Gerrard previously recovered from the

---

[3] For consistency with Gerrard's proposal, the Court also rounds the Commissioner's proposal to the nearest whole dollar, which results in a twenty-five cent benefit to Gurzenda over Gerrard.

Commissioner. The final result of the Commissioner's proposed calculation leaves Gurzenda with a net benefits payment of $36,274 and Gerrard with a total fee of $9,841. Gerrard's calculation combines the Commissioner's first and second steps, resulting in a single transaction and no need for a refund from Gerrard to Gurzenda. Under either calculation, Gurzenda receives $36,274 in past due benefits and Gerrard receives $9,841 in attorney's fees.

Gerrard's fee can be viewed alternatively as either: (1) the $6,750 EAJA award she previously received from the Commissioner plus $3,091 awarded under § 406(b) out of Gurzenda's benefits; or (2) a $9,841 award under § 406(b) out of Gurzenda's benefits, with the EAJA award from the Commissioner going instead to Gurzenda. Under either framework, though, each party receives the same amount. While Gerrard's plan adds some complication in that it differs from the usual practice described in *Gisbrecht* and has prompted the Commissioner's quasi-objection in response, it also simplifies the process by directing all funds to the appropriate recipient in the first instance, without need to order a refund from Gerrard to Gurzenda.

The question remains whether Gerrard's approach is permissible under the parties' fee agreement and applicable statutes. The fee agreement provides that if the Court awards fees both under the EAJA and out of Gurzenda's benefits under § 406(b), Gurzenda "will be refunded or credited with the amount of the smaller fee." Fees Mot. Ex. B at 2. Gerrard's proposal satisfies that provision in that Gurzenda would be "credited" with the amount of the EAJA fee as a result of Gerrard receiving only $3,091—and not the full twenty-five percent, or $9,841—from Gurzenda's past-due benefits.

As for the statutory scheme, § 406(b)(1)(A) provides that when any fees are awarded thereunder, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." 42 U.S.C. § 406(b)(1)(A). To prevent that clause prohibiting an award of fees under the EAJA, or allowing such an award to serve as a windfall to counsel rather than offsetting the fees that a claimant must pay under § 406(b), Congress has provided that section 406(b)(1)'s prohibition on other fees "shall not apply with respect to any [EAJA] award but only if, where the claimant's attorney receives fees for the same work under both [§ 406(b)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee."

5

Pub. L. No. 96-491, § 206 (Oct. 21, 1980), *as modified by* Pub. L. No. 99–80, § 3 (Aug. 5, 1985). As the Supreme Court noted in *Gisbrecht*, when fees are available under both statutes, the claimant's attorney typically receives both awards, and refunds the smaller award to the claimant. 535 U.S. at 796. Neither party has cited any case considering whether Gerrard's approach is also permissible. As Gerrard notes in her reply, however, by explicitly subtracting the prior EAJA award from the twenty-five percent fee allowed under her fee agreement and § 406(b), the remaining $3,091 does not account for the "same work" as the EAJA award. In the alternative, the deduction could also be construed as a "refund," as contemplated by Congress in harmonizing the two fee statutes. The Court therefore concludes that Gerrard's approach of deducting the earlier EAJA award from the amount she would otherwise be entitled to receive under § 406(b) is permissible, albeit unorthodox.[4]

The Court also concludes that Gerrard's total fees of $9,841—combining the EAJA award with the amount she seeks under § 406(b)—are reasonable. A court's review of reasonableness under § 406(b) must "respect the 'primacy of lawful attorney-client fee agreements.'" *Crawford*, 586 F.3d at 1150 (quoting *Gisbrecht*, 535 U.S. at 1150). Gerrard spent 67.1 hours working on the case, Fees Mot. Ex. E, resulting in an effective rate of $146.66 per hour, which is modest even before taking into account the contingent nature of the representation. Although Gerrard required a number of deadline extensions, much of the delay was due to the complex history of Gurzenda's multiple applications for disability benefits, and Gerrard ultimately obtained a favorable result for her client. The Court finds no basis to deviate from the terms of the fee agreement.

## IV.  CONCLUSION

For the reasons stated above, the motion is GRANTED. Gurzenda's counsel Josephine M. Gerrard may recover fees of $3,091 from Gurzenda's past-due benefits, in additional to the $6,750 that Gerrard already received under the EAJA. The Commissioner is ORDERED to disburse

/ / /

/ / /

---

[4] To avoid unnecessary confusion, Gerrard might consider in future cases using the typical approach of requesting fees under both statutes and refunding the smaller amount to her client.

Gurzenda's past-due benefits in a manner consistent with this order.

**IT IS SO ORDERED.**

Dated: September 9, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge